1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN A. SORENSON,                      No. 2:15-cv-01304 DB

12                 Petitioner,

13        v.                                ORDER

14   MARION SPEARMAN, WARDEN,

15                 Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

18   writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his August 7, 2012,

19   conviction in the Tehama County Superior Court ("the Superior Court") for, *inter alia*, driving

20   under the influence and failure to appear ("FTA"). The parties have consented to the jurisdiction

21   of the undersigned. See ECF Nos. 1 at 7; 11.

22        Petitioner seeks federal habeas relief on the following grounds: (1) the trial court abused

23   its discretion and violated due process when it granted the prosecution's request to continue the

24   preliminary hearing; (2) the trial court violated due process when it gave a biased jury instruction

25   that lowered the prosecution's burden of proof; and (3) the evidence was insufficient to prove an

26   element of the FTA offense.  (See Pet. at 5, 25, ECF No. 1.)  For the following reasons,

27   petitioner's habeas petition will be denied.

28   ////

                                         1

# FACTUAL BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

### Pretrial Proceedings

On February 6, 2012, defendant was charged (case No. 83401) with various DUI charges and priors.

On March 32, 2012, a new complaint was filed (case No. 83734), and later amended, charging defendant with FTA while released on OR. Defendant was held to answer on the DUI case and waived a preliminary hearing on the FTA case. The ensuing informations tracked the complaints.

Over objections, the cases were consolidated.

Before the jury trial started, defendant pleaded guilty to driving on a suspended license. (Veh. Code, §14601.2.) He also admitted a prior DUI conviction. The strike allegations (from an alleged 2009 first degree burglary conviction) were bifurcated. Defendant also admitted an oil-bail allegation (§ 12022.1) as to the FTA count (id. § 1320, subd. (b)). After jury selection, defendant admitted the strike and the People moved to dismiss parallel allegations of a serious prior felony.

This left the DUI and FTA charges for the jury to decide.

### Trial Evidence

There are no substantive issues on appeal concerning the DUI charges. On August 21, 2011, defendant drove and his blood-alcohol level later tested at .19 percent.

The parties stipulated defendant was in Department 3 on February 22, 2012, for a 1:30 p.m. hearing, was released on OR, and was ordered to appear for a preliminary hearing at 9:00 a.m., on February 27, 2012, in Department 1; he was not present in Department 1 when his case was called, and he was arrested pursuant to a bench warrant on April 25, 2012.

The DUI arresting officer was in Department 1 on February 27, 2012, at 9:00 a.m., when defendant's preliminary hearing was set to begin, but defendant was not there, nor was he there when the case was later called. Department 1 is in a different building than Department 3. A court security officer testified defendant entered the building containing Department 3 on the afternoon of February 27, 2012, as shown on court security recordings.

The defense trial theory as to the FTA was that defendant misunderstood the time and precise location of his appearance. The

People argued defendant remained at large for two months without returning to court, evidencing his guilt on the original DUI charges, and showing guilt on the FTA charge, despite his appearance in the wrong building at the wrong time on the right day.

People v. Sorensen, No. CO72059, 2014 WL 1320608, at **1-2 (Cal. Ct. App. Apr. 2, 2014).

## PROCEDURAL HISTORY

The jury convicted petitioner of driving under the influence, driving with blood-alcohol level at or above the 08 percent, and FTA on his own recognizance ("OR"). See Sorensen, 2014 WL 1320608, at *1. As noted supra, he had admitted to a prior DUI-related offense, a prior prison term, a strike, a charge of driving on a suspended license, and an on-bail allegation. Id. The court sentenced him to prison for 10 years four months. Id.

In his appeal, petitioner raised three relevant claims[1]: (1) the trial judge abused its discretion in continuing the preliminary hearing and then denying his subsequent motion to dismiss, (2) the trial court improperly instructed on the FTA charge, and (3) no substantial evidence supported the FTA charge. The Court of Appeal found that the judge's decision to continue the hearing was based on good cause and that the motion to dismiss was properly denied; that the jury instructions were proper; and that there was substantial evidence of petitioner's FTA. Id. at **2-6.

Petitioner sought review in the California Supreme Court. (LD 10.[2]) On July 16, 2014, the California Supreme Court denied the petition for review.  (LD 11.)

Petitioner filed a state habeas petition in Tehama County Superior Court on September 22, 2014, raising the same grounds as identified above. (LD 12.) The superior court denied the petition on October 3, 2014; the Court of Appeal denied the petition on December 18, 2014; and the California Supreme Court denied the petition on March 18, 2015. (See LD 12-17.)

---

[1] Petitioner raised a fourth claim regarding entitlement to additional presentence credits, which is not at issue here.

[2] Respondent lodged the state court record here on November 4, 2015. (See ECF No. 22.)  Each document is identified by its Lodged Document or "LD" number.  In addition, the Record of Transcript is "RT;" the Clerk's Transcript is "CT;" and the Supplemental Clerk's Transcript is "SCT."

Petitioner filed his federal habeas petition here on June 2, 2015. (ECF No. 1.) Respondent filed an answer on September 14, 2015, and a supplement to the answer on September 15, 2015. (ECF Nos. 16-17.) Petitioner filed a traverse on November 16, 2015. (ECF No. 24.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 567 U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely

accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding

5

process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

"[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 292 (2013).

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853 (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)). This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Richter, 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462

F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## PETITIONER'S CLAIMS

Petitioner raises the following claims in his federal petition: (1) the trial court abused its discretion and violated due process when it granted the prosecution's request to continue the preliminary hearing; (2) the trial court violated due process when it gave a biased jury instruction that lowered the prosecution's burden of proof; and (3) the evidence was insufficient to prove an element of the FTA offense. Respondent filed an answer addressing each claim.

### I. Continuance of the Preliminary Hearing

#### A. Factual Background

The Court of Appeal set out the facts relevant to this claim:

> The preliminary hearing on the DUI case began on Wednesday, February 22, 2012. Before testimony was taken, the prosecutor represented that "by the time my office sent the subpoena to the Highway Patrol, the arresting officer, Officer Burson, was on his days off and on his way to vacation, so he was unable to be served. He is currently out of state on vacation." The People had followed their standard practice, which was to have CHP staff place a subpoena in an officer's "box[,]" but because this particular officer had not returned "since then, he was not able to be served." Defense counsel objected, stating "due diligence would have involved getting an Order from the Court having him served out of state." After a break, defense counsel argued the motion to continue was untimely and "[t]here is no affidavit to support the motion." When asked about the lack of a written motion, the prosecutor represented to the magistrate: "We received word from the Highway Patrol late this morning that Officer Burson would be unavailable" and "I brought the motion [at] the earliest possible time." Defense counsel did not dispute this representation, or any of the factual representations made by the prosecutor to the magistrate.
>
> The magistrate (Bottke, J.) found good cause and granted the oral motion to continue the case until Monday, February 27, 2012, releasing defendant on OR, a statutory requirement triggered by the continuance ([Cal. Penal Code] § 859b, subd. (b)).
>
> On Friday, February 24, 2102 [sic], defendant filed a written motion to dismiss pursuant to section 859b, arguing there was no good cause for a continuance because the People had not served their witness or otherwise acted diligently. Defense counsel declared he spoke with the prosecutor twice before the preliminary hearing, including the day before the hearing, about the possible unavailability of a prosecution witness, but "[n]o agreement could be reached." The

8

People opposed the motion, contending they followed "standard protocol" for subpoenaing a CHP officer.

On February 27, 2012, the defense argued the motion to dismiss. The trial court (Scheuler, J.) denied the motion both because good cause had been found by the magistrate, and because good cause had been shown. Inasmuch as defendant had not appeared for the hearing, a bench warrant was issued.

Sorensen, 2014 WL 1320608, at *2.

## B. Decision of the State Court[3]

The Court of Appeal held that the judge who continued the preliminary hearing acted upon a finding of good cause and that the denial of petitioner's motion to dismiss was not improper:

A preliminary hearing may be continued if the "prosecutor establishes good cause for a continuance beyond the 10-court-day period." (§ 859b, subd. (b).) The magistrate has broad discretion in determining whether such a continuance is warranted. (*See People v. Henderson* (2004) 115 Cal.App.4th 922, 933.)

The prosecutor represented to the magistrate—without contradiction by the defense—that the normal procedure for serving a subpoena on local CHP officers had been followed in that a subpoena was left for the officer in a box normally used for such purposes, however, that particular officer had been on vacation and did not receive it timely, a fact the prosecutor had not learned until late that morning.

The magistrate found good cause to continue, despite the lack of a written motion, based on the record before it. (*See* [Cal. Penal Code] § 1050, subd. (c).)

The facts of this case are analogous to those found sufficient to continue a scheduled trial date in another case, described as follows:

"The parties stipulated that: a subpoena was issued by the district attorney's office for Officer Tanner on February 27, 2007, and was received by a Beverly Hills Police Department representative on that date; that Officer Tanner was not personally served with the subpoena and that the cadet responsible for serving the officer just left it in the officer's box; and that Officer Tanner left on vacation on or about March 21, 2007. The deputy district attorney reported that on March 21 she received the subpoena back with a notation stating

---

[3] Because the California Supreme Court denied review, the opinion of the California Court of Appeal is the last reasoned decision of the state court for purposes of determining the reasonableness of the state court denial of petitioner's claims. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (Federal courts will presume "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.")

9

that the officer was on vacation, and that she confirmed with the . . . Department that the officer was on vacation." (*Jensen v. Superior Court* (2008) 160 Cal.App.4th 266, 270 (*Jensen*).)

*Jensen* found that it was reasonable for the prosecutor in that case to arrange for the subpoena to be left in the peace officer's box, rather than requiring personal service, as might be required for other witnesses, because of a statutory provision allowing peace officers to be served via service on a superior or designated agent ([Cal. Penal Code] § 1328, subd. (c)): "[I]t appears that the prosecutor did exactly what she was supposed to do under the law: only days after the trial date was set, with weeks remaining until the trial date, she caused the subpoena to be transmitted to the Beverly Hills Police Department, where it was accepted. Service was complete at this point, at least with respect to the responsibilities of the attorney issuing the subpoena." (*Jensen*, *supra*, 160 Cal.App.4th at pp. 272-273.) The court recognized that a peace officer's vacation is not itself normally good cause for a continuance, but that in the circumstances, the prosecutor did all that was reasonably required, not knowing that the officer was on vacation. (*Id.* at pp. 273-274.)

"Here, the statutory provisions, though designed to simplify the process of serving subpoenas on peace officers, instead created a complicated and unusual situation in which a police officer could be legally served with a subpoena and yet not be aware of that service, thus going on vacation apparently without knowing that he was defying a subpoena; and a prosecutor, secure in her knowledge that she had properly and timely subpoenaed her central witness, could be surprised the day before the trial when the Beverly Hills Police Department finally notified her that the officer was unavailable. . . ." (*Jensen*, *supra*, 160 Cal.App.4th at p. 274, fn. omitted.)

*Jensen* supports the magistrate's finding in this case that the prosecutor acted with reasonable diligence by relying on the standard method of serving local CHP officers in this case. Unless and until notified by the CHP that the particular officer was on vacation and that the normal effort to subpoena him would not work, the prosecutor had no reason to think extraordinary steps to secure the officer's attendance would be required.

Defendant contends that because the motion to dismiss before the trial court included a declaration by defense counsel that discussions with the prosecutor about an unavailable witness began on February 17 and continued on February 21, 2012, this outweighed the prosecutor's mere representations to the court about learning of the officer's absence the day of the preliminary hearing, February 22, 2012, or at least raised a factual dispute requiring resolution by the trial court.

This claim was made for the first time in the reply brief. The opening brief stated without qualification that the prosecutor learned of the missing witness the morning of the preliminary hearing, and used that fact to bolster an argument about lack of diligence. To reverse course in the reply brief, and contend for the first time the fact of when the prosecutor learned of the unavailability of the CHP officer

10

was in dispute, deprived the People of any opportunity to reply, and therefore the claim is forfeited. (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)

Further, the defense declaration did not state which witness's availability was being discussed, and in any event, the magistrate was free to disbelieve the defense declaration. (*See Hicks v. Reis* (1943) 21 Cal.2d 654, 659-660.) Moreover, in many cases judicial officers rely on the representations of counsel—officers of the court— without the need for a written declaration. (*See, e.g., People v. Ranger Ins. Co.* (2005) 135 Cal. App. 4th 820, 824; *Aceves v. Superior Court* (1996) 51 Cal. App. 4th 584, 591-594.) Here, as we have described ante, the representations made by the prosecutor to the magistrate were not disputed by defense counsel at the time they were made. "We normally review a trial court's ruling based on the facts known to the trial court at the time of the ruling." (*People v. Cervantes* (2004) 118 Cal. App. 4th 162, 176.) Accordingly, the magistrate could properly rely on the representations made by the prosecutor.

Based on what was presented to the magistrate, defendant has not shown an abuse of discretion in the order finding good cause to continue the preliminary hearing, and therefore the motion to dismiss was properly denied by the trial court.

Sorensen, 2014 WL 1320608, at **2-4.

## C. Analysis

Petitioner contends the judge's continuation of the preliminary hearing and subsequent denial of his motion to dismiss violated his due process rights because the government did not have good cause to extend the 10-day timeframe for a preliminary hearing as set forth in California Penal Code § 859b. Respondent counters that this claim does not assert a federal habeas claim because it lies solely in the application of state law.

Pursuant to California Penal Code § 859b:

Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated . . . .

People v. Love, 132 Cal. App. 4th 276, 283 (Cal. Ct. App. 2005) (quotation marks omitted). "If the defendant is in custody, the court is required to dismiss the complaint upon the expiration of this 10–day period unless the defendant waives time or the prosecution establishes good cause for

a continuance beyond that period." Love, 132 Cal. App. 4th at 283. "If the People are unable to proceed within the 10–day period, but show good cause for a continuance, the in-custody defendant's preliminary examination may be set beyond the 10–court–day limit." Id. "However, if a continuance is granted, . . . the defendant must be released from custody on his own recognizance." Id.

The California Court of Appeal did not separately discuss the federal due process claim petitioner asserts here. Nonetheless, the federal constitutional claim is presumed to have been adjudicated on the merits, even absent a discussion of it. See Harrington, 562 U.S. at 99-100. When, as here, the state court has denied a federal constitutional claim on the merits without explanation, the federal habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the U.S. Supreme] Court." Id. at 102.

Petitioner has not identified, nor has this Court located, any case from the United States Supreme Court holding that the U.S. Constitution requires the "speedy judicial [determination] of probable cause for [a defendant's] detention" and "the mandatory outcome of dismissal if that right is not observed." His claim relies on a general statement in Hicks that he contends imposes a federal constitutional duty on state courts to comply with state laws. Hicks was cited by petitioner in his state court appeal brief for the general legal proposition that the deprivation of a State law right violates a criminal defendant's federal right to due process.

The Supreme Court observed in Hicks that a failure to follow state law might implicate the criminal defendant's federal right to due process. 477 U.S. at 346. The facts of Hicks are not at all like those in this case. In Hicks, Oklahoma law provided that a convicted defendant was entitled to have his punishment fixed by the jury. Hicks's jury had been instructed, in accordance with a habitual offender statute then in effect, that the jury had to assess the punishment at 40 years imprisonment if it found defendant guilty. See Hicks, 447 U.S. at 344-45. The jury followed the instruction, imposing the mandatory 40-year term when it returned a guilty verdict. Id. at 345. Later, the habitual offender statute was declared unconstitutional in a separate case, and that led

12

1  Hicks to try to set aside his sentence. The court of appeal rejected Hicks's effort to have his

2  sentence set aside, reasoning that he was not prejudiced by the impact of the unconstitutional

3  habitual offender statute because his sentence was within the range of punishment that could have

4  been imposed. Id.

5     The Supreme Court determined that this analysis was erroneous. 447 U.S. at 345-46. The

6  Court explained that a convicted defendant was entitled under Oklahoma law to have his

7  punishment fixed by the jury and that, without the unconstitutional statute, the jury could have

8  imposed any sentence of not less than ten years, so it was incorrect to say that the instruction that

9  directed a 40-year sentence did not prejudice the defendant. Id. The Court next rejected the

10  argument that this was only a state law error: "It is argued that all that is involved in this case is

11  the denial of a procedural right of exclusively state concern. Where, however, a State has

12  provided for the imposition of criminal punishment in the discretion of the trial jury, it is not

13  correct to say that the defendant's interest in the exercise of that discretion is merely a matter of a

14  state procedural law. The defendant in such a case has a substantial and legitimate expectation

15  that he will be deprived of his liberty only to the extent determined by the jury in the exercise of

16  its statutory discretion, ... and that liberty interest is one that the Fourteenth Amendment preserves

17  against arbitrary deprivation by the State." Id. at 347.

18     It is highly doubtful that Hicks could support habeas relief for the sort of alleged error that

19  occurred here. To do so would require extending Hicks from the sentencing context to the entirely

20  different context of a preliminary hearing. A state court's failure to extend a Supreme Court rule

21  to a new context does not support relief under § 2254(d)(1). "Section 2254(d)(1) provides a

22  remedy for instances in which a state court unreasonably applies this Court's precedent; it does

23  not require state courts to extend that precedent or license federal courts to treat the failure to do

24  so as error." White v. Woodall, 134 S. Ct. 1697, 1706 (2014) (in capital case, not objectively

25  unreasonable for state court not to extend to penalty phase constitutional rule that applies to guilt

26  phase).

27     Even assuming arguendo that Hicks provides clearly established federal law from the U.S.

28  Supreme Court that a criminal defendant's federal right to due process rights is violated by the

state court's failure to follow state law, petitioner's claim fails because the state court did not fail to follow state law in granting the prosecutor's request to continue the preliminary hearing. According to the appellate court, the prosecutor's reliance on traditional methods of service for a peace officer was appropriate and the subsequent failure to serve the officer justified good cause to continue the hearing. This determination was made based on the appellate court's application of <u>Jensen</u>, which it held did not require more of the prosecutor than what was reasonably required. A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005); <u>Hicks v. Feiock</u>, 485 U.S. 624, 629 (1988). This court is bound by the California Court of Appeal's determination that California law did not require the prosecutor to have exhausted all available methods of service on a peace officer.

There was thus no <u>Hicks</u>-type due process violation either in the continuation of the preliminary hearing or the subsequent denial of petitioner's motion to dismiss because there was no failure to follow state law. Habeas relief is therefore not warranted on this claim.

## II. Jury Instructions

### A. Factual Background and Decision of the State Court

The Court of Appeal set out the facts relevant to this claim:

> Defendant contends the trial court gave a prohibited mandatory presumption instruction, in violation of the presumption of innocence. We disagree.

> "A mandatory presumption tells the trier of fact that if a specified predicate fact has been proved, the trier of fact must find that a specified factual element of the charge has been proved, unless the defendant has come forward with evidence to rebut the mandatory presumption offends constitutional principles of due process of law because it relieves the prosecutor from having to prove each element of the offense beyond a reasonable doubt." (*People v. Williams* (2005) 130 Cal. App. 4th 1440, 1444-1445.)

> The trial court in this case instructed the jury in relevant part as follows:

> "Every person who is charged with or convicted of the commission of a felony, who is released from custody on his own recognizance, and who in order to evade the process of the court, willfully fails to appear as required is guilty.

> "Willful failure to appear within 14 days of the date assigned for appearance may be found to have been for the purpose of evading the process of the court."

> The jury was also instructed that the People had to prove defendant bore the specific intent "to evade the process of the court."

> We have held that an instruction telling the jury that failure to appear within 14 days should lead the jury to presume intent to evade the process of the court was improper. (*People v Forrester* (1994) 30 Cal.App.4th 1697, 1700-1702 (*Forrester*).) But the instruction in this case permitted, but did not require, the jury to draw such an inference. That is how we previously held a jury should be instructed in FTA cases:

> "Henceforth, in prosecutions for violation of Penal Code section 1320, subdivision (b), when the People have produced proof of defendant's willful failure to appear within 14 days of defendant's assigned appearance date, the trial court should instruct the jury that it is permitted, but not required, to infer therefrom that defendant intended to evade the process of the court." (*Forrester*, *supra*, 30 Cal.App.4th at p. 1703.)

> We also reject defendant's claim there was no evidentiary basis for the instruction. His intent was at issue, and the jury was tasked with determining his intent based on his non-appearance, his failure to surrender for two months, his arrest pursuant to a bench warrant, as well as the defense evidence trying to show he was merely confused about the required appearance.

Sorensen, 2014 WL 1320608, at **4-5.

**B.    Legal Standards**

"[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). A federal court's inquiry on habeas review is not whether the challenged instruction "is undesirable, erroneous, or even 'universally condemned,' but [whether] it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Cupp v. Naughten, 414 U.S. 141, 146 (1973). "In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." Middleton v. McNeil, 541 U.S. 433, 437 (2004). However, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Id. The pertinent question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 72 (internal quotation marks omitted) (quoting Cupp, 414 U.S. at 147).

15

Due process "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." Francis v. Franklin, 471 U.S. 307, 313 (1985) (citing cases). Instructions that create "a mandatory presumption of intent upon proof by the State of other elements of the offense" have this effect. Id.

However, permissive inferences ordinarily do not violate due process. See Francis, 71 U.S. at 314. For they "still require[] the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved." Id. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Id. at 314–15; see also Yates v. Evatt, 500 U.S. 391, 402 n.7 (1991) ("A permissive presumption merely allows an inference to be drawn and is constitutional so long as the inference would not be irrational." (citing Franklin, 471 U.S. at 314–15)), abrogated on other grounds by Estelle, 502 U.S. at 73 n.4.

**C.    Analysis**

Petitioner acknowledges that the jury instruction at issue did not require a mandatory presumption that his failure to appear within fourteen days of his scheduled appearance was to evade the process of the court. Nonetheless, the gravamen of his claim is that the permissive inference was not worded sufficiently permissive enough. That is, the instruction should have highlighted that the jury "could but was not required to infer" his intent and that, in the absence of any other evidence on the matter, the prosecution's burden of proof was lowered and petitioner's due process rights were violated.

The appellate court rejected petitioner's due process claim because it held that the inference was permissive in an appropriate manner and that there was indeed evidence in the record to support the inference. As noted, the trial court instructed the jury that "[w]illful failure to appear within 14 days of the date assigned for appearance **may be found** to have been for the purpose of evading the process of the court." Sorenson, 2014 WL 1320608, at *5 (emphasis added). In statutes defining the elements of criminal offenses, the word "may" ordinarily "suggest[s] a conclusion without mandating one." United States v. Mangiardi, 1997 WL 51669,

16

at *2 (9th Cir. Feb. 4, 1997) (citing <u>United States v. Warren</u>, 25 F.3d 890, 898 (9th Cir. 1994);

<u>United States v. Washington</u>, 819 F.2d 221, 225–26 (9th Cir. 1987)); <u>see also</u> <u>Jama v.</u>

<u>Immigration and Customs Enforcement</u>, 543 U.S. 335, 346 (2005) (citation omitted) ("The word

'may' customarily connotes discretion."). Indeed, petitioner concedes that the instruction "did not

instruct the jury that it was **required** to draw the inference of [his] intent to evade." (Pet. at 39

(emphasis added).) It is true that instructions that "the jury may, but need not, draw a conclusion

if certain predicate facts are proven" are "classic permissive inferences." <u>Pursell v. Horn</u>, 187 F.

Supp. 2d 260, 368 (W.D. Pa. 2002) (citing cases). However, petitioner has cited no cases, and the

court knows of none, holding that an ostensibly permissive inference becomes mandatory simply

because the jury instruction does not include language also noting that the jury need not make an

inference.

Petitioner next argues that that there was no rational relationship between a failure to

appear within fourteen days and an intent to evade the process of the court. He asserts that "it

would be irrational to appear in the Courthouse at all" if he "was attempting to evade . . .

process." (Pet. at 41.) The proper question before the Court, though, is not whether it would be

irrational according to petitioner based on these particular facts, but whether, taken the facts as a

whole, it would be irrational according to a reasonable juror to infer that petitioner sought to

evade court process. Those facts indicate that petitioner was directed to appear for a preliminary

hearing at 9:00 a.m. on February 27, 2012. (RT 135.) Petitioner was not present that morning at

that location. Instead, he appeared that afternoon in a different location. Even assuming, as

petitioner contends, that he made a mistake, the fact remains that he failed to report the mistake to

court personnel or the prosecutor in a timely manner or even at all until he was arrested on April

25 on a bench warrant. An inference that petitioner sought to evade process based on these

predicate facts is precisely the type "that reason and common sense" would justify. <u>Francis</u>, 71

U.S. at 314.

For these reasons, the Court of Appeal's rejection of this claim was not contrary to, or an

unreasonable application of, clearly established federal law.

////

## III.    Insufficient Evidence

### A.    Factual Background and Decision of the State Court

The Court of Appeal addressed this claim as follows:

> Defendant contends no substantial evidence supports the FTA conviction because there was no evidence his release complied with section 1318, detailing OR procedures. (See *People v. Mohammed* (2008) 162 Cal.App.4th 920, 933 ["because there was no evidence in this case of a written agreement conforming to section 1318 produced at trial, there was insufficient evidence to convict appellant of willful failure to appear while out on OR"].) In this case, however, the parties stipulated that defendant had been released on OR. The jury was instructed that as to stipulated facts, "[b]ecause there is no dispute about those facts, you must also accept them as true." That obviated the need for proof of any subsidiary facts otherwise need to prove a valid OR release.

> "A stipulation is 'An agreement between opposing counsel . . . ordinarily entered into for the purpose of avoiding delay, trouble, or expense in the conduct of the action,' [citation] and serves 'to obviate need for proof or to narrow range of litigable issues' [citation] in a legal proceeding." (*County of Sacramento v. Workers' Comp. Appeals Bd.* (2000) 77 Cal.App.4th 1114, 1118, italics added.) "'[W]hen a fact is undisputed, or the parties have stipulated to its existence, there is no "issue of fact" for the jury to resolve, and this aspect of the Sixth Amendment right to jury trial is not implicated. Otherwise stated, the federal Constitution gives an accused no right to have the jury decide the truth of a fact that the accused has elected not to contest.'" (*People v. Moore* (1997) 59 Cal.App.4th 168, 185-186, fn. 18; see *id.* at p. 181 ["Absent a stipulation" the trial court must submit factual questions to the jury].)

> Due to the stipulation, there was no failure of proof. The stipulated facts together with the facts proven at trial constituted substantial evidence of defendant's FTA. [N.2]

> > [N.2] We note that the details of the OR release were irrelevant to the FTA defense, which was that defendant went to the wrong court building at the wrong time, tending to show he was confused or mistaken, but did not intend to evade court process. Proof of the details of the OR release process would have been time-consuming and unnecessary to this defense.

Sorensen, 2014 WL 1320608, at *4.

### B.    Legal Standards

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A convicted individual who alleges that the

18

evidence in support of his conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a claim for the violation of due process. See Jackson v. Virginia, 443 U.S. 307, 321 (1979). A court reviewing an insufficiency of the evidence claim does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992). Instead, "the only question under Jackson is whether [the jury's finding of guilt] was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S. Ct. 2060, 2065 (2012) (per curiam). The reviewing court may not substitute its judgment for that of the jury; "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." Parker v. Matthews, 132 S. Ct. 2148, 2152 (2012) (per curiam). Under Jackson, a jury's credibility determinations are entitled to near-total deference. Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004).

When a sufficiency of the evidence claim that was rejected in state court is reviewed on federal habeas corpus, it is subject to a "twice-deferential standard." Parker, 132 S. Ct. at 2152. First, relief must be denied if, viewing the evidence in the light most favorable to the prosecution, there was evidence on which "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson, 443 U.S. at 324). Second, the court must apply 28 U.S.C. § 2254(d)(1) to the state court's decision and determine whether its application of Jackson was objectively unreasonable. Id.

The Jackson standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. at 324 n.16. However, "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Coleman, 132 S. Ct. at 2064.

### C. Analysis

Petitioner last claims that there was insufficient evidence to support his conviction for willful failure to appear pursuant to California Penal Code §1320, which provides, in relevant part, that "Every person who is charged with or convicted of the commission of a felony *who is released from custody on his or her own recognizan*ce and who in order to evade the process of

19

the court willfully fails to appear as required, is guilty of a felony, ....” (Emphasis added.) Per

petitioner, the evidence that was presented at trial that he was released on his own recognizance—

the stipulation of counsel—was insufficient pursuant to California Penal Code § 1318, which

requires a written agreement.[4]

The Court of Appeal rejected this argument on the ground that petitioner's oral stipulation

obviated the need for a written agreement. In so holding, the court relied on its interpretation of

state law, an interpretation that this court must accept. <u>Bradshaw</u>, 546 U.S. at 76. Thus, based on

petitioner's stipulation that he was released on his own recognizance and other facts, addressed

<u>supra</u>, regarding the willful element of the offense, the undersigned finds that a rational trier of

fact “could have found the essential elements of the crime beyond a reasonable doubt.” <u>Jackson</u>,

443 U.S. at 324. Petitioner is therefore not entitled to habeas relief on this ground.

////

////

_____

[4] California Penal Code § 1318 provides:

> (a) The defendant shall not be released from custody under an own recognizance until the defendant files with the clerk of the court or other person authorized to accept bail a signed release agreement which includes:
>
> > (1) The defendant's promise to appear at all times and places, as ordered by the court or magistrate and as ordered by any court in which, or any magistrate before whom the charge is subsequently pending.
> >
> > (2) The defendant's promise to obey all reasonable conditions imposed by the court or magistrate.
> >
> > (3) The defendant's promise not to depart this state without leave of the court.
> >
> > (4) Agreement by the defendant to waive extradition if the defendant fails to appear as required and is apprehended outside of the State of California.
> >
> > (5) The acknowledgment of the defendant that he or she has been informed of the consequences and penalties applicable to violation of the conditions of release.

## IV.    CONCLUSION

Based on the foregoing, the court concludes that petitioner's habeas petition must be denied. A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a), Rules Governing Section 2254 Cases.  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court."  28 U.S.C. § 2253(c)(1)(A).  That is, "until a [certificate of appealability] has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."  Miller–El, 537 U.S. at 336.

A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller–El, 537 U.S. at 336 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  Whether the court denies the petition on constitutional or procedural grounds, the applicant "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  Miller-El, 537 U.S. at 338.  However, the applicant need not show the appeal will succeed.  Id.

Here, petitioner has not shown that reasonable jurists would view the issues as debatable, find that they should have been resolved differently, or conclude that they were adequate to warrant further review.  Consequently, he has not made a substantial showing of the denial of a constitutional right.  Accordingly, the court declines to issue a certificate of appealability.

////

For the foregoing reasons, it is HEREBY ORDERED that:

1.      The petition for writ of habeas corpus is DENIED;

2.      Judgment is entered for respondent; and

3.      The court declines to issue a certificate of appealability.

Dated:  September 12, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/sore1304.hc